IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

    Plaintiff,           ORDER

  v.                 00-CR-024-S-01

DOUGLAS P. DYSON,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  A hearing on the probation office's petition for judicial review of Douglas P. Dyson's supervised release was held on June 16, 2009, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Laura A. Przybylinski Finn. Defendant was present in person and by Supervisory Associate Federal Defender Michael W. Lieberman. Also present was Senior United States Probation Officer Helen Healy Raatz.

  From the record and defendant's stipulation, I make the following findings of fact

## FACTS

  Defendant was sentenced in the Western District of Wisconsin on August 2, 2000, following his conviction for conspiracy to manufacture methamphetamine in violation of

21 U.S.C. §§ 841(a)(1) and 846. This offense is a Class A felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 120 months, with a five-year term of supervised release to follow. On September 21, 2001, defendant's sentence was amended and he was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 84 months, with a four-year term of supervised release to follow.

Defendant began his term of supervised release on December 9, 2005. On September 15, 2006, the conditions of his supervised release were modified to include a residential re-entry center placement of 90 to 120 days, after he failed to secure a permanent residence and wrote worthless checks. On April 24, 2008, the conditions of his supervised release were modified again, prohibiting him from frequenting establishments whose primary business is the sale of alcoholic beverages, after he was involved in an altercation at Happy Hour Bar in Rice Lake, Wisconsin.

On October 26, 2008, defendant violated the statutory condition prohibiting him from committing another state crime and Special Condition No. 3 prohibiting him from the use of alcohol, when he drove under the influence of alcohol and while his license was revoked. He was arrested by a Freeport, Illinois, police officer and charged in the Circuit Court for Stephenson County, Illinois with aggravated driving while under the influence of alcohol, and driving while revoked (Case No. 08CF284). On January 22, 2009, he was

sentenced to 24 months in the custody of the Illinois Department of Corrections.

Defendant's conduct falls into the category of a Grade B violation. Section 7B1.3(a)(1) of the advisory guidelines provides that the court shall revoke supervised release upon a finding of a Grade B violation.

## CONCLUSIONS

Defendant's criminal history category is V. With a Grade B violation and a criminal history category of V, defendant has an advisory guideline range of imprisonment of 18 to 24 months. Under 18 U.S.C. § 3583(e)(3), the statutory maximum to which defendant can be sentenced upon revocation is five years because the offense for which he was sentenced is a Class A felony. Defendant's violations warrant revocation.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range. The intent of this sentence is to deter defendant from future consumption of alcohol and to provide him the opportunity to attend substance abuse counseling and undergo psychological and psychiatric treatment.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on September 12, 2001, is REVOKED and defendant is sentenced to time served. A 12-month term of supervised release shall follow. Defendant is to be registered with local law enforcement agencies and the state attorney general. All conditions previously imposed will remain in effect. The following condition is also ordered:

Special Condition No. 7: Participate in mental health referral, assessment and treatment as approved by the supervising U.S. probation officer and comply with all rules, regulations and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. probation officer. Defendant shall take any medications prescribed by a licensed medical provider.

Execution of this sentence will begin immediately.

Entered this 17th of June, 2009.

BY THE COURT:

/s/

_____
Barbara B. Crabb
U.S. District Judge

4